UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO: |
| | ) | |
| JC CASTRO LLC DBA CASTRO HARVESTING | ) | |
| | ) | |

## COMPLAINT

This civil action is brought by the Plaintiff, the United States of America, on behalf of its agency, the United States Department of Labor, to recover a judgement on two delinquent debts, the first in the amount of $188,119.74, and the second in the amount of $131,058.46, pursuant to the Federal Debt Collection Procedures Act, codified at 28 U.S.C. § 3001.

## PARTIES

1. The Plaintiff is the United States of America ("Plaintiff"), on behalf of the United States Department of the Treasury, Bureau of Fiscal Service ("DOT"), who is collecting the two debts for the United States, Department of Labor, Wage & Hour Division ("DOL"). The debts were both referred to DOT in accordance with the Debt Collection Improvement Act of 1996 ("DCIA"). See 31 U.S.C. § 3701, et seq.

2. The Defendant is JC Castro LLC dba Castro Harvesting ("Defendant"), an H-2A farm labor contractor business with a last known address of 1537 Tom Odum Road, Vidalia, GA 30474.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for recovery of debts under 28 U.S.C. § 3001, et seq.

4. Venue is proper pursuant to 28 U.S.C. § 1391 and Local Rule 2.1(d) because the Defendant resides and operates in Toombs County, located in the Statesboro Division of the Southern District of Georgia.

## FACTS

5. The Defendant's delinquent debts were the result of two DOL investigations into the Defendant and whether the requirements for employment of H-2A and other workers under the Immigration & Nationality Act ("INA") and the Immigration Reform and Control Act ("IRCA") were satisfied. The investigations were DOL Case 1797897 and DOL Case 1797730.

6. DOL Case 1797897 investigated the compliance of the Defendant in Friendship, Wisconsin. DOL Case 1797730 investigated the compliance of the Defendant in Brinson, Georgia. Upon completion of the agency investigations, DOL found in both cases substantial violations of Section 218 of the INA, IRCA, and applicable regulations of 20 CFR Part 655 & 29 CFR Part 501, and on January 19, 2018 issued determination letters in each case. *See* Exhibits A and B.

7. In DOL Case 1797897, the determination letter notified the Defendant that based on their findings in Friendship, Wisconsin covering the period from July 5, 2016 to October 12, 2016, the Defendant failed to comply with Section 218 of the INA and applicable

regulations at 20 C.F.R. part 655 and 29 C.F.R. part 501. As a result of the H-2A violations, $72,166.50 in unpaid wages was owed to 63 workers. Additionally pursuant to Section 218(g)(2) of the INA, civil money penalties were assessed against the Defendant in the amount of $116,391.60. *See* 29 C.F.R. § 501.19. The Defendant did not take timely exception to the determination, and such determination became final and unappealable on February 27, 2018. *See* Exhibit A.

8. In DOL Case 1797730, the determination letter notified the Defendant that based on their findings in Brinson, Georgia, covering the period from May 19, 2016 to July 26, 2016, the Defendant failed to comply with Section 218 of the INA and applicable regulations at 20 C.F.R. part 655 and 29 C.F.R. part 501. As a result of the H-2A violations, $28,177.44 in unpaid wages was owed to 122 workers. Additionally, pursuant to Section 218(g)(2) of the INA, civil money penalties were assessed against the Defendant in the amount of $81,076.20. *See* 29 C.F.R. § 501.19. The Defendant did not take timely exception to the determination, and such determination became final and unappealable on February 27, 2018. *See* Exhibit B.

9. On April 4, 2018, DOL sent the Defendant a delinquency letter in both DOL cases which outlined the payments due, explained the final debarment, and notified them that further collection action would be taken if payment was not submitted, including interest, penalty, and referral for collection. *See* Exhibits C and D.

10. In September of 2019, DOL referred the delinquent debts to DOT for administrative debt collection as required by the DCIA pursuant to 31 U.S.C. § 3701, et seq.

DOT assigned the DOL Case 1797897 referral to Treasury Case Number L31544625 ("Debt 1"), and the DOL Case 1797730 referral to Treasury Case Number L31544623 ("Debt 2").

11. DOT issued demand letters to the Defendant in both cases on September 23, 2019. *See* Exhibit E and F.

12. DOT attempted further collection efforts from January 18, 2020 through March 15, 2022, however the demand letters went unanswered.

13. For Debt 1, the Defendant is indebted to the DOL for $188,119.74, which includes the principal amount of $116,391.60; interest accrued from February 27, 2018 through March 16, 2022 in the amount of $3,319.53; a penalty fee of $18,518.38; and agency administrative fees of $49,890.23. *See* Exhibit G.

14. The Defendant is indebted to the DOL for $131,058.46 on Debt 2, which includes the principal amount of $81,076.20; interest accrued from February 27, 2018 through March 16, 2022 in the amount of $2,312.35; penalty fees of $12,899.56; and agency administrative fees of $34,770.35. *See* Exhibit H.

15. The Defendant has failed to repay either of their outstanding debts although demand has been made.

## COUNT 1

(Recovery of Debt pursuant 28 U.S.C. § 3001)

16. Defendant was provided notice of the DOL investigation findings in the Determination Letter dated January 19, 2018 and was given the opportunity to request a hearing to dispute the findings.

17.     Debt 1 became final against the Defendant on February 27, 2018, and demand for payment was made.

18.     The Defendant owes DOL a debt of $188,119.74 for Debt 1.

## COUNT 2

(Recovery of Debt pursuant 28 U.S.C. § 3001)

19.     Defendant was provided notice of the DOL investigation findings in the Determination Letter dated January 19, 2018, and was given the opportunity to request a hearing to dispute the findings.

20.     Debt 2 became final against the Defendant on February 27, 2018, and demand for payment was made.

21.     The Defendant owes DOL a debt of $131,058.46 for Debt 2.

22.     By reason of the foregoing, the Defendant is liable to the United States for the full amount of both delinquent debts totaling $319,178.20.

WHEREFORE, Plaintiff prays that judgment be rendered in its favor and against the Defendant:

(a) the sum of $188,119.74 for Debt 1, which includes principal, interest, penalties, and agency administrative costs;

(b) the sum of $131,058.46 for Debt 2, which includes principal, interest, penalties, and agency administrative costs;

(c) plus costs of this action; and

(d) any such further relief that the Court deems just and proper.

Respectfully submitted, this 30th day of March, 2023.

                        JILL E. STEINBERG
                        UNITED STATES ATTORNEY

                        ***/s/ Lindsay Berman-Hansell***
                        Assistant United States Attorney
                        Georgia Bar No. 575823
                        22 Barnard Street, Suite 300
                        Savannah, Ga. 31401
                        (p) 912-652-4422
                        (f) 912-652-4388
                        Lindsay.Berman-Hansell@usdoj.gov