# Exhibit A

**U.S. Department of Labor**   Wage and Hour Division
Atlanta North Area Office
Peachtree Center, Harris Tower
233 Peachtree NE, Ste. 650
Atlanta, GA, 30303
678-237-0521
404-331-0311



CERTIFIED MAIL RETURN RECEIPT REQUESTED: # 7017 2680 0000 8635 7626

January 19, 2018

J.C. Castro, Owner / H-2A Labor Contractor
J.C. Castro Harvesting, LLC
d/b/a Castro Harvesting
1537 Tom Odum Rd.
Vidalia, GA  30474

**Subject:**     **Notice of Determination of Wages Owed, Assessing Civil Money Penalties, and Debarment**

Case Reference Number: 1797897

Dear Mr. Castro:

An investigation conducted by this office of J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer"), relating to the requirements applicable to the employment of H-2A and other workers under the Immigration and Nationality Act (INA) as amended by the Immigration Reform and Control Act (IRCA) (8 U.S.C. §§ 1101(a)(15)(H)(ii)(a),1184(c) and 1186), in Friendship, WI, covering the period from July 5, 2016 to October 12, 2016, disclosed that the Employer Parties failed to comply with Section 218 of the INA and applicable regulations at 20 C.F.R. part 655 and 29 C.F.R. part 501.

As a consequence of these H-2A violations, $72,166.50 in unpaid wages is owed to 63 workers. The specific violations and the wages owed associated with them are set forth in the attached matrix entitled *Summary of Violations*.

In addition, pursuant to Section 218(g)(2) of the INA and its implementing regulations at 29 C.F.R. part 501, civil money penalties are hereby assessed in the amount of $116,391.60. *See* 29 C.F.R. § 501.19. The specific violations and the civil money penalties associated with them are set forth in the attached matrix entitled *Summary of Violations*.

The full amount reflected above in the sum of $72,166.50 in back wages and $116,391.60 in CMPs is due and payable within 30 days to "Wage and Hour Division, U.S. Department of Labor." Payments by two certified checks or money orders should be delivered or mailed to:

U.S. Department of Labor
Wage and Hour Division
Southeast Regional Office
61 Forsyth St. SW, Room 7M40
Atlanta, GA 30303

The dollar amount(s) reflected above constitute(s) a debt owed to the Federal government. This debt is subject to the assessment of interest, administrative cost charges and penalties in accordance with the Debt Collection Act of 1982, and departmental policies. Interest will be assessed at the Treasury Tax and Loan Account Rate on any balance outstanding from the date of this notice, accruing from the notice date. Administrative cost charges will be assessed to help defray the Government's cost of collecting this debt. A penalty at the rate of 6% will be assessed on any portion of the debt remaining delinquent for more than 90 days. In order to avoid these charges, forward payments to the office listed above by the indicated due date.

In addition to the remedies and sanctions imposed pursuant to 29 C.F.R. § 501.19 (as set forth above), the Administrator of the Wage and Hour Division ("Administrator") finds that J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer"), substantially violated material terms and conditions of the temporary labor certifications with respect to H-2A workers. Specifically, the investigation of J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") disclosed the following:

- 29 CFR 501.20(d)(1)(vii): J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") employed H-2A workers outside the area of intended employment and outside the validity period of employment of the job order.

    Workers began working for the subject firm in Wisconsin on or about July 5, 2016, well before the contract starting date of July 25, 2016. Prior to July 25, workers were supposed to be working in Georgia, not Wisconsin.

- 29 CFR 501.20(d)(1)(i): J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") failed to pay or provide the required wages, benefits, or other working conditions to H-2A workers and workers in corresponding employment.

    Subject firm knowingly paid H-2A workers and US workers in corresponding employment below the required rate of pay – workers were receiving $3 less per hour than required. As a result, 63 workers were found due $28,066.50 in back wages. Subject firm also failed to provide proper disclosure of working conditions, including information regarding wage rates and areas of intended employment, by failing to provide a copy of the H-2A job order to all workers at the time of recruitment. This practice keeps the workers willfully uninformed.

As a consequence of the violations committed (as set forth above and discussed in the final conference), pursuant to 29 C.F.R. § 501.20, the Administrator has determined that J.C. Castro

2

Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") shall be debarred from applying to the Department of Labor for H-2A certification for a period of 3 years from the date identified in this Notice of Debarment, unless an administrative appeal is properly filed.

APPEAL RIGHTS

J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") has the right to request a hearing on this determination. Such a request must be dated, be typewritten or legibly written, specify the issue(s) stated in this notice of determination on which a hearing is requested, state the specific reason(s) why the requestor believes this determination to be in error, be signed by the requestor or by an authorized representative, and include the address at which the requestor or the authorized representative desires to receive further communications relating to the hearing request.

The request must be made and received within 30 days from the date of this letter by the **Atlanta North Area Office, Wage and Hour Division, U.S. Department of Labor, located at 233 Peachtree St. NE, Ste. 650, Atlanta, GA 30303.** Requests for a hearing may be made by certified mail or by means normally assuring overnight delivery.

If J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") does not make a timely request, this determination will become a final order of the Secretary of Labor and may no longer be appealed. The timely filing of an administrative appeal stays the determination pending the outcome of the appeal proceedings.

When a request for a hearing is filed with the Administrator, the matter is referred to the Chief Administrative Law Judge. A formal hearing is then scheduled for a final determination with respect to the alleged violations. At such hearing you may, by yourself or through an attorney retained by you, present such witnesses, introduce such evidence and establish such facts as you believe will support your position.

The fact that the above sanctions and remedies are being imposed for the H-2A violations found at this time does not preclude the taking of other enforcement action as is deemed appropriate by the Department of Labor, or the additional assessments of back wages or civil money penalties for violations of the H-2A provisions found at some future time. Such other enforcement action may include the pursuit of unpaid wages, injunctive action, specific performance of the work contract, and denial or revocation of temporary alien agricultural labor certification.

Copies of Section 218 of INA and Regulations, 20 C.F.R part 655 and 29 C.F.R. part 501 are also enclosed for your reference and assistance.

Finally, we wish to point out that there may be a question as to the deductibility of civil money penalties paid as a business expense under the Internal Revenue Code. In this regard, you may wish to contact the Internal Revenue Service.

Sincerely,

Lisa J. Kelly
Assistant District Director


Enclosures:   Section 218, INA
              Reg. 655/501
              Summary of Violations


cc:   Regional Administrator
      Wage and Hour Division
      U.S. Department of Labor
      61 Forsyth St. SW, Room 7M80
      Atlanta, GA 30303

      Associate Regional Solicitor
      U.S. Department of Labor
      61 Forsyth St., Room 7T10
      Atlanta, GA 30303

      Administrator
      Wage and Hour Division
      U.S. Department of Labor
      200 Constitution Avenue NW, Room S-3510
      Washington, DC 20210

      Lenalle Geiger, Accountant
      112 NW. Broad St.
      Lyons, GA 30436

4

U.S. Department of Labor
Wage and Hour Division

| | |
|---|---|
| Case ID: | 1797897 |
| Act: | H-2A |
| EIN: | 58-2239192 |
| Name: | J.C. Castro Harvesting, LLC d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") |
| Employer address: | 1537 Tom Odum Rd. Vidalia, GA 30474 |
| Unpaid Wages Amount Due: | $72,166.50 |
| Civil Money Penalty Amount Due: | $116,391.60 |

**THIS SHEET MUST BE INCLUDED WITH PAYMENT**

**YOU MUST WRITE YOUR TAX ID ON YOUR CHECK**

MAIL TO:

U.S. Department of Labor
Wage and Hour Division
61 Forsyth St. SW, Room 7M40
Atlanta, GA 30303

Amount paid: $ _____
Date of payment: _____
Check number: _____
Signature: _____

- - Regional Office Copy - -

U.S. Department of Labor
Wage and Hour Division

Case ID: 1797897

Act: H-2A
EIN: 58-2239192
Name: J.C. Castro Harvesting, LLC d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer")

Employer address: 1537 Tom Odum Rd.
Vidalia, GA 30474

Unpaid Wages
Amount Due: $72,166.50

Civil Money
Penalty Amount
Due: $116,391.60

## YOU MUST RETURN THIS SHEET TO THE ASSESSING OFFICE

MAIL TO:

U.S. Department of Labor
Wage and Hour Division
61 Forsyth St. SW, Room 7M40
Atlanta, GA 30303

Amount paid:        $ _____
Date of payment:    _____
Check number:       _____
Signature:          _____

- - District Office Copy - -

## Summary of Violations

| Regulatory Requirement Violated | Summary Description (U.S. Worker Protections) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.121(a)(3) | **Failed to satisfy requirements of the job order by not stating actual terms and conditions.** Specifically, the investigation disclosed that the anticipated period of employment was 07/25/2016 to 10/12/2016, however workers began working for subject firm in Wisconsin around July 5th, outside the anticipated period of employment. Furthermore, ETA 790 indicated a different work location. Also, wage payments were below those required by the regulations. | $0.00 | $994.80 |

| Regulatory Requirement Violated | Summary Description (Disclosure) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(q) | **Failure to comply with requirement that copy of work contract be provided.** Specifically, the investigation disclosed that subject employer did not provide a copy of the job order or job contract to any of the H2A workers or US workers in corresponding employment. | $0.00 | No CMP |
| 20 C.F.R. § 655.135(l) | **Failed to post H-2A poster.** Specifically, the investigation disclosed that no H-2A required postings were present at the work site. | $0.00 | $1,326.40 |

| Regulatory Requirement Violated | Summary Description (Wage-Related Violations) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(g) | **Failure to comply with "meals" requirement(s).** Specifically, the investigation disclosed that subject firm failed to provide meals or kitchen facilities to workers. | $44,100 | $1,492.20 |
| 20 C.F.R. § 655.122(l) | **Failure to pay the offered/required wage rate.** Specifically, the investigation disclosed that while payroll | $28,066.50 | $104,454 |

| | | | |
|---|---|---|---|
| | records indicated employees were paid the AEWR of $12.02/hour for all hours worked, interviews with employees indicated the actual wage rate received was $9.02/hour, $3.00 less per hour, or about 25%, less than the AEWR. | | |
| *Total Due for All Wage-Related Violations* | | $72,166.50 | $105,946.20 |

| Regulatory Requirement Violated | Summary Description (Recordkeeping) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(j)(1) | **The employer failed to keep accurate and adequate records with respect to the workers earnings.** Specifically, the investigation disclosed that all payroll records provided to WHD misleading, showing falsified amounts of wage payments to workers (amounts on payroll were significantly higher than actual wages received by workers). | $0.00 | $6,963.60 |
| 20 C.F.R. § 655.122(k) | **The employer failed to comply with the pay statement requirements.** Specifically, the investigation revealed that subject firm did not provide employees with any sort of pay statement indicating hours worked, hours paid, total pay. Subject firm paid employees in cash. | $0.00 | No CMP |

| Regulatory Requirement Violated | Summary Description (Housing) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(d)(1) | **Employer failed to provide or secure housing for those workers who are not reasonably able to return to their permanent residence at the end of the work day, without charge to the worker, that complies with the applicable housing safety and health standards.** Specifically, the investigation disclosed marginal housing safety and health violations, substantiated through housing inspection and employee interviews. | $0.00 | No CMP |

| Regulatory Requirement Violated | Summary Description (Transportation) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(h)(4) | **Failure to provide transportation in compliance with all applicable Federal, State, or local laws and regulations between the worker's living quarters and the employer's worksite without cost to the worker.** Specifically, the investigation disclosed that subject firm failed to provide proof of insurance for the two vehicles inspected. | $0.00 | No CMP |

| Regulatory Requirement Violated | Summary Description (Legal Requirements) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.135(e) | **The employer failed to comply with applicable Federal, State and local employment-related laws and regulations, including employment-related health and safety laws.** Specifically, the investigation disclosed that subject employer was also found in violation of the Migrant and Seasonal Agricultural Worker Protection Act (MSPA). | $0.00 | $1,160.60 |

| Total | | $72,166.50 | $116,391.60 |
|---|---|---|---|

9