# Exhibit B

**U.S. Department of Labor**  Wage and Hour Division
Atlanta North Area Office
Peachtree Center, Harris Tower
233 Peachtree NE, Ste. 650
Atlanta, GA, 30303
678-237-0521
404-331-0311



CERTIFIED MAIL RETURN RECEIPT REQUESTED: # 7017 2680 0000 8635 7626

January 19, 2018

J.C. Castro, Owner / H-2A Labor Contractor
J.C. Castro Harvesting, LLC
d/b/a Castro Harvesting
1537 Tom Odum Rd.
Vidalia, GA 30474

**Subject:** **Notice of Determination of Wages Owed, Assessing Civil Money Penalties, and Debarment**

Case Reference Number: 1797730

Dear Mr. Castro:

An investigation conducted by this office of J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer"), relating to the requirements applicable to the employment of H-2A and other workers under the Immigration and Nationality Act (INA) as amended by the Immigration Reform and Control Act (IRCA) (8 U.S.C. §§ 1101(a)(15)(H)(ii)(a),1184(c) and 1186), in Brinson, GA, covering the period from May 19, 2016 to July 26, 2016, disclosed that the Employer Parties failed to comply with Section 218 of the INA and applicable regulations at 20 C.F.R. part 655 and 29 C.F.R. part 501.

As a consequence of these H-2A violations, $28,177.44 in unpaid wages is owed to 122 workers. The specific violations and the wages owed associated with them are set forth in the attached matrix entitled *Summary of Violations*.

In addition, pursuant to Section 218(g)(2) of the INA and its implementing regulations at 29 C.F.R. part 501, civil money penalties are hereby assessed in the amount of $81,076.20. *See* 29 C.F.R. § 501.19. The specific violations and the civil money penalties associated with them are set forth in the attached matrix entitled *Summary of Violations*.

The full amount reflected above in the sum of $28,177.44 in back wages and $81,076.20 in CMPs is due and payable within 30 days to "Wage and Hour Division, U.S. Department of Labor." Payments by two certified checks or money orders should be delivered or mailed to:

> U.S. Department of Labor
> Wage and Hour Division
> Southeast Regional Office
> 61 Forsyth St. SW, Room 7M40
> Atlanta, GA 30303

The dollar amount(s) reflected above constitute(s) a debt owed to the Federal government. This debt is subject to the assessment of interest, administrative cost charges and penalties in accordance with the Debt Collection Act of 1982, and departmental policies. Interest will be assessed at the Treasury Tax and Loan Account Rate on any balance outstanding from the date of this notice, accruing from the notice date. Administrative cost charges will be assessed to help defray the Government's cost of collecting this debt. A penalty at the rate of 6% will be assessed on any portion of the debt remaining delinquent for more than 90 days. In order to avoid these charges, forward payments to the office listed above by the indicated due date.

In addition to the remedies and sanctions imposed pursuant to 29 C.F.R. § 501.19 (as set forth above), the Administrator of the Wage and Hour Division ("Administrator") finds that J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer"), substantially violated material terms and conditions of the temporary labor certifications with respect to H-2A workers. Specifically, the investigation of J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") disclosed the following:

- 29 CFR 501.20(d)(1)(vii): J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") employed H-2A workers in activities not listed in the job order.

  Castro had workers conducting weeding operations and otherwise working on crops not listed on the job order.

- 29 CFR 501.20(d)(1)(i): J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") failed to pay or provide the required wages, benefits, or other working conditions to H-2A workers and workers in corresponding employment.

  Castro provided falsified records showing that during the first week of employment he reimbursed the workers $332.27 for transportation and visa costs – the workers were not reimbursed. Furthermore, H-2ALC Castro also provided falsified records indicating that he was paying the AEWR of $10.59 per hour during the weeks in which the workers were weeding cotton – the workers were actually earning $8.00 per hour. As a result, 122 workers were found due $28,177.44 in back wages. During the final conference, H-2ALC Castro did not deny the allegations. As a way of keeping the workers willfully uninformed, H-2ALC Castro also failed to provide proper disclosure of working conditions, including information regarding wage rates and areas of intended employment, by not providing a copy of the H-2A job order to all workers at the time of recruitment.

- 29 CFR 501.20(d)(1)(vi): J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") impeded the investigation.

  Castro provided false payroll records in order show compliance however, the workers indicated that the records provided were not true. Secondly, the employer admitted during the final conference that he told the workers to lie to investigators regarding their pay. Castro instructed the workers to tell investigators that they were getting paid $10.59 per hour instead what they were actually earning, which was $8.00 per hour.

As a consequence of the violations committed (as set forth above and discussed in the final conference), pursuant to 29 C.F.R. § 501.20, the Administrator has determined that J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") shall be debarred from applying to the Department of Labor for H-2A certification for a period of 3 years from the date identified in this Notice of Debarment, unless an administrative appeal is properly filed.

## APPEAL RIGHTS

J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") has the right to request a hearing on this determination. Such a request must be dated, be typewritten or legibly written, specify the issue(s) stated in this notice of determination on which a hearing is requested, state the specific reason(s) why the requestor believes this determination to be in error, be signed by the requestor or by an authorized representative, and include the address at which the requestor or the authorized representative desires to receive further communications relating to the hearing request.

The request must be made and received within 30 days from the date of this letter by the **Atlanta North Area Office, Wage and Hour Division, U.S. Department of Labor, located at 233 Peachtree St. NE, Ste. 650, Atlanta, GA 30303.** Requests for a hearing may be made by certified mail or by means normally assuring overnight delivery.

If J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") does not make a timely request, this determination will become a final order of the Secretary of Labor and may no longer be appealed. The timely filing of an administrative appeal stays the determination pending the outcome of the appeal proceedings.

When a request for a hearing is filed with the Administrator, the matter is referred to the Chief Administrative Law Judge. A formal hearing is then scheduled for a final determination with respect to the alleged violations. At such hearing you may, by yourself or through an attorney retained by you, present such witnesses, introduce such evidence and establish such facts as you believe will support your position.

The fact that the above sanctions and remedies are being imposed for the H-2A violations found at this time does not preclude the taking of other enforcement action as is deemed appropriate by the Department of Labor, or the additional assessments of back wages or civil money penalties for violations of the H-2A provisions found at some future time. Such other enforcement action may include the pursuit of unpaid wages, injunctive action, specific performance of the work contract, and denial or revocation of temporary alien agricultural labor certification.

Copies of Section 218 of INA and Regulations, 20 C.F.R part 655 and 29 C.F.R. part 501 are also enclosed for your reference and assistance.

Finally, we wish to point out that there may be a question as to the deductibility of civil money penalties paid as a business expense under the Internal Revenue Code. In this regard, you may wish to contact the Internal Revenue Service.

Sincerely,

Lisa J. Kelly
Assistant District Director

Enclosures:     Section 218, INA
                Reg. 655/501
                Summary of Violations

cc:     Regional Administrator
        Wage and Hour Division
        U.S. Department of Labor
        61 Forsyth St. SW, Room 7M80
        Atlanta, GA 30303

        Associate Regional Solicitor
        U.S. Department of Labor
        61 Forsyth St., Room 7T10
        Atlanta, GA 30303

        Administrator
        Wage and Hour Division
        U.S. Department of Labor
        200 Constitution Avenue NW, Room S-3510
        Washington, DC 20210

        Lenalle Geiger, Accountant
        112 NW. Broad St.
        Lyons, GA 30436

U.S. Department of Labor
Wage and Hour Division

| | |
|---|---|
| Case ID: | 1797730 |
| Act: | H-2A |
| EIN: | 58-2239192 |
| Name: | J.C. Castro Harvesting, LLC d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") |
| Employer address: | 1537 Tom Odum Rd.<br>Vidalia, GA  30474 |
| Unpaid Wages Amount Due: | $28,177.44 |
| Civil Money Penalty Amount Due: | $81,076.20 |

**THIS SHEET MUST BE INCLUDED WITH PAYMENT**

**YOU MUST WRITE YOUR TAX ID ON YOUR CHECK**

MAIL TO:

U.S. Department of Labor
Wage and Hour Division
61 Forsyth St. SW, Room 7M40
Atlanta, GA 30303

Amount paid: $ _____
Date of payment: _____
Check number: _____
Signature: _____

- - Regional Office Copy - -

U.S. Department of Labor
Wage and Hour Division

| | |
|---|---|
| Case ID: | 1797730 |
| Act: | H-2A |
| EIN: | 58-2239192 |
| Name: | J.C. Castro Harvesting, LLC d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") |
| Employer address: | 1537 Tom Odum Rd.<br>Vidalia, GA  30474 |
| Unpaid Wages Amount Due: | $28,177.44 |
| Civil Money Penalty Amount Due: | $81,076.20 |

**YOU MUST RETURN THIS SHEET TO THE ASSESSING OFFICE**

MAIL TO:

U.S. Department of Labor
Wage and Hour Division
61 Forsyth St. SW, Room 7M40
Atlanta, GA 30303

Amount paid: $ _____
Date of payment: _____
Check number: _____
Signature: _____

- - District Office Copy - -

6

## Summary of Violations

| Regulatory Requirement Violated | Summary Description (U.S. Worker Protections) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.121(a)(3) | **Failed to satisfy requirements of the job order by not stating actual terms and conditions.** Specifically, the investigation disclosed that location of work was completely different than the ones shown on the H-2A certification. Also, the workers were weeding cotton and this activity was not listed on the H-2A contract. Also, wage payments were below those required by the regulations. | $0.00 | $1,989.60 |

| Regulatory Requirement Violated | Summary Description (Wage-Related Violations) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(h)(1) | **Inbound transportation requirements.** Specifically, the investigation disclosed that Castro failed to fully reimburse any of the workers for their transportation and subsistence costs from their home to the work location. | $2,300 | $1,326.40 |
| 20 C.F.R. § 655.122(l) | **Failure to pay the offered/required wage rate.** Specifically, the investigation disclosed that while payroll records indicated employees were paid the AEWR of $10.59/hour for all hours worked, interviews with employees indicated the actual wage rate received was $8.00/hour. | $11,437.44 | $76,268 |
| 20 C.F.R. § 655.135(j) | **Unlawful cost shifting.** Specifically, the investigation disclosed that Castro shifted the cost of visas to the workers without reimbursement. | $14,440 | $1,492.20 |
| ***Total Due for All Wage-Related Violations*** | | $28,177.44 | $79,086.60 |

7

| Regulatory Requirement Violated | Summary Description (Recordkeeping) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(j)(1) | **The employer failed to keep accurate and adequate records with respect to the workers earnings.** Specifically, the investigation disclosed that all payroll records provided to WHD misleading, showing falsified amounts of wage payments to workers (amounts on payroll were significantly higher than actual wages received by workers). | $0.00 | No CMP due to similar violation in concurrent H-2A investigation in WI. |
| 20 C.F.R. § 655.122(k) | **The employer failed to comply with the pay statement requirements.** Specifically, the investigation revealed that subject firm did not provide employees with any sort of pay statement indicating hours worked, hours paid, total pay. Subject firm paid employees in cash. | $0.00 | No CMP |

| Regulatory Requirement Violated | Summary Description (Housing) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(d)(1) | **Employer failed to provide or secure housing for those workers who are not reasonably able to return to their permanent residence at the end of the work day, without charge to the worker, that complies with the applicable housing safety and health standards.** Specifically, the investigation disclosed marginal housing safety and health violations, substantiated through housing inspection and employee interviews. | $0.00 | No CMP |

| Regulatory Requirement Violated | Summary Description (Transportation) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(h)(4) | **Failure to provide transportation in compliance with all applicable Federal, State, or local laws and regulations between the worker's living quarters** | $0.00 | No CMP |

8

| | and the employer's worksite without cost to the worker. Specifically, the investigation disclosed that one of the transportation vehicles failed to meet safety requirements. Marginal violations were found with service brakes, lighting devices, horn, and rear view mirrors. | | |
|---|---|---|---|

| Total | | $72,166.50 | $81,076.20 |
|---|---|---|---|