IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | CV 623-025 |
| J.C. CASTRO LLC d/b/a CASTRO HARVESTING, | * | |
| Defendant. | * | |

**O R D E R**

Plaintiff, the United States of America ("the Government"), filed a motion on March 18, 2024, asking the Court for default judgment as to Defendant following the Clerk's entry of default. (Doc. 7.) For the following reasons, the Court **ORDERS** the Government to **SUPPLEMENT** its motion for default judgment with information consistent with the following.

A plaintiff moving for entry of default judgment pursuant to Federal Rule of Civil Procedure 55 must show the damages to which it claims it is entitled. See Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356-58 (S.D. Ga. 2004); Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003) (when deciding motion for default judgment, court must ensure "there is a legitimate basis for any damage award it enters"). As such, "a plaintiff seeking default judgment must *show* the Court

what [the requested] damages are, how they are calculated, and where they come from, by reference to [relevant authority], appropriate back-up documentation, and witness testimony as appropriate." PNCEF, LLC v. Hendricks Bldg. Supply LLC, 740 F. Supp. 2d 1287, 1294 (S.D. Ala. 2010); accord Daniel Def., LLC v. Tactical Edge, LLC, No. 4:21-CV-334, 2024 WL 474192, at *8 (S.D. Ga. Feb. 7, 2024).

In the instant case, the Government seeks to recover from Defendant two delinquent debts ("Debt 1" and "Debt 2") arising out of civil penalties assessed against Defendant by the Department of Labor ("DOL").  (Doc. 1, at 1.)  Debt 1 totals $188,119.74 and includes $116,391.60 in principal, $3,319.53 in interest, a penalty fee of $18,518.38, a ten dollar "Admin fee," $44,236.64 in "DMS fees," and $5,643.59 in "DOJ fees."  (Doc. 1-7, at 2.)  Debt 2 totals $131,058.46 and includes $81,076.20 in principal, $2,312.35 in interest, a penalty fee of $12,899.56, a twenty dollar "Admin fee," $30,818.60 in "DMS fees," and $3,931.75 in "DOJ fees." (Doc. 1-8, at 2.)

The principal amounts accurately reflect the penalties originally assessed by the DOL.  (See Doc. 1-1, at 10; Doc. 1-2, at 10.)  Furthermore, the applicable interest and penalty fee rates for delinquent debts are statutorily prescribed.  See 31 U.S.C. § 3717(a)(1) and 31 C.F.R. § 203.2 (2024) (establishing interest rate equivalent to average investment rate for the Treasury tax

2

and loan accounts); 31 U.S.C. § 3717(e)(2) (imposing an annual penalty of no more than six percent).

The various other "fees," which equal almost forty-three percent of the total principal owed, do not enjoy the same evidentiary or statutory support. U.S. Department of the Treasury documentation provided by the Government cites statutes and regulations permitting recovery of administrative costs tied to delinquent debt processing. (Doc. 1-7, at 2; Doc. 1-8, at 2.) However, the Government offers no further explanation of why it is entitled to the specific amounts provided. The Court therefore declines to find that the Government has offered a legitimate basis for awarding the requested fees. See United States v. Stanley, No. 20-cv-212, 2020 WL 13138231, at *12 (D. N.H. Dec. 16, 2020) (recommending denial of "Treasury and DOJ fees" related to delinquent debt when government "failed to demonstrate any relationship between the fees it request[ed] and the actual debt collection efforts"), report and recommendation approved, No. 20-CV-212-JL, 2021 WL 7758820 (D.N.H. Mar. 4, 2021); PNCEF, LLC, 740 F. Supp. 2d at 1294 (demanding "a detailed evidentiary submission demonstrating the nature, source, factual basis, and method and manner of computation of each component of money damages sought by a plaintiff in default judgment proceedings"). Information regarding what the DMS, DOJ, and Admin fees are, how they are calculated, how they relate to the processing of Defendant's

3

delinquent debts, and why they are permitted pursuant to the cited authority would be a helpful starting point.

Accordingly, the Government is hereby **ORDERED** to **SUPPLEMENT** its motion with additional documentation to support its request for DMS, DOJ, and Admin fees within **FOURTEEN (14) DAYS**. The Court will defer ruling on the Government's motion for default judgment until after it has supplemented its motion as ordered herein.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of December, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA